Argued and submitted October 10, 2019; with respect to first-degree theft, reversed and remanded for entry of judgment finding youth within the jurisdiction of the court for attempted first-degree theft and for redisposition, otherwise affirmed September 23, 2020

In the Matter of K. K. V.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

K. K. V.,
*Appellant.*

Washington County Circuit Court
17JU09486; A167068

475 P3d 118

Michele C. Rini, Judge pro tempore.

Christa Obold Eshleman argued the cause for appellant. On the brief was Adrian T. Smith.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

With respect to first-degree theft, reversed and remanded for entry of judgment finding youth within the jurisdiction of the court for attempted first-degree theft and for redisposition; otherwise affirmed.

## PER CURIAM

Youth appeals the judgment that brought her within the juvenile court's jurisdiction for conduct that would constitute first-degree theft, first-degree forgery, and third-degree theft if committed by an adult. The conduct concerns the attempt by youth, along with a friend, to cash an $8,000 check—taken from youth's friend's father and forged—at Walmart. Youth assigns as error the juvenile court's amendment of the delinquency petition without giving her pretrial notice. Youth also assigns as error the juvenile court's finding that youth aided and abetted conduct that would constitute first-degree theft if committed by an adult.

As to the first assignment, the delinquency petition originally alleged conspiracy to commit theft and forgery, but the juvenile court amended the petition at the close of the adjudicatory hearing to replace the conspiracy counts with counts for theft and forgery on an aid-and-abet theory, based on its conclusion that theft and forgery were lesser-included offenses to the conspiracy allegations. Youth argues that the court erred in allowing the amendment because she lacked pretrial notice of the amended counts, violating her due process right to notice under the Fourteenth Amendment to the United States Constitution. The state responds that youth invited the error by agreeing with the court that the amended counts were lesser-included offenses of the original conspiracy counts. Although conceding that that was a misstatement of the law, the state argues that youth indicated that she had pretrial notice of the theft and forgery counts when she agreed with the court that the amended counts would be lesser-included offenses of the originally alleged offenses. We agree with the state that youth invited the error that she now challenges on appeal. *See Anderson v. Oregon Railroad Co.*, 45 Or 211, 216-17, 77 P 119 (1904) (a party who "was actively instrumental in bringing" about an alleged error "cannot be heard to complain, and the case ought not to be reversed because of it").

As to youth's second assignment of error, she points out that the forged check was refused by the Walmart clerk, and argues that, because there was no actual theft, there was insufficient evidence to support the determination of

jurisdiction based on the first-degree theft count, which cannot be accomplished by merely using, or aiding the use of, a written check. *See* ORS 164.055(1)(a); ORS 164.015(1) (offense of first-degree theft requires an individual to take, appropriate, obtain, or withhold property valued at $1,000 or more). The state responds that youth's error is unpreserved but concedes that the juvenile court plainly erred. We agree and accept the state's concession. The state points, however, to youth's acknowledgement on appeal that she attempted to cash the forged check. The state argues that the correct remedy is to remand this case for entry of a judgment adjudicating youth for attempted first-degree theft. *See State v. J. N. S.*, 258 Or App 310, 321, 308 P3d 1112 (2013) (because there was evidence to support a lesser-included offense, reversing and remanding for entry of judgment finding youth within the juvenile court's jurisdiction on that basis). We agree.

With respect to first-degree theft, reversed and remanded for entry of judgment finding youth within the jurisdiction of the court for attempted first-degree theft and for redisposition; otherwise affirmed.